**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DAMIEN WARD, )<br>No. R59244, )<br> )<br>      **Plaintiff,** )<br> )<br>  vs. )<br> )<br>PATRICK QUINN, )<br>SALVADOR GODINEZ, )<br>MICHAEL P. ATCHISON, )<br>MARVIN BARTENS, )<br>CHARLES COMPTON, )<br>DUSTIN HARMON, )<br>SGT. EUADEE, )<br>WEXFORD HAELTH SOURCES, INC. )<br>C/O COLLINS, and )<br>UNKNOWN PARTIES, )<br> )<br>      **Defendants.** ) | Case No. 14-cv-00808-NJR |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

      Plaintiff Damien Ward, an inmate in Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the alleged use of excessive force and the denial of medical and psychiatric care at Menard Correctional Center. Plaintiff also asserts claims under state law and multiple international treaties.

      This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

The complaint focuses on specific events occurring in October 2012. On October 18, Plaintiff, who is bipolar, was in mental distress but was denied his medication and a "crisis team" was not summoned. As the situation devolved, the water to Plaintiff's cell was turned off, and his television was broken when staff entered his cell. The tension between Plaintiff and staff grew and the next day the Tactical Team entered Plaintiff's cell, pepper sprayed him and then, while Plaintiff was cuffed, physically assaulted him. Although the Tactical Team did take Plaintiff to the healthcare unit, medical personnel, at the behest of the Tactical Team, did not properly record Plaintiff's injuries or the attendant circumstances, and he was denied all care. The aforementioned events are purportedly examples of longstanding policies, practices and customs at Menard Correctional Center ("Menard") advocating the use of excessive force and the denial of care for serious physical and psychiatric injuries.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into nine counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** Governor Patrick Quinn, Illinois Department of Corrections Director Salvador Godinez, and Menard Warden Michael P. Atchison had a policy, practice or custom permitting excessive force to be used against inmates at Menard, in violation of the Eighth Amendment;

**Count 2:** C/O Marvin Bartens and a nurse and medical technician denied Plaintiff medication and a "crisis team," in violation of the Eighth Amendment, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and/or the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*;

**Count 3:** A nurse and medical technician retaliated against Plaintiff in violation of the First Amendment when they intentionally gave him the wrong medication;

**Count 4:** C/O Marvin Bartens and Sgt. Euadee retaliated against Plaintiff in violation of the First Amendment when they turned off the water to his cell and broke his television;

**Count 5:** All "Menard Defendants" and Wexford Health Sources, Inc., had a policy, practice or custom of deliberate indifference to inmates' serious medical needs, in violation of the Eighth Amendment;

**Count 6:** C/O Marvin Bartens, C/O Charles Compton, C/O Dustin Harmon, C/O Collins and three additional members of the Tactical Team, individually and/or in conspiracy, used excessive force against Plaintiff in violation of the Eighth Amendment;

**Count 7:** C/O Marvin Bartens, C/O Charles Compton, C/O Dustin Harmon, C/O Collins, three additional members of the Tactical Team, a nurse and medical technician, individually and/or in conspiracy, denied Plaintiff medical care in violation of the Eighth Amendment;

**Count 8:** All Defendants violated Plaintiff's rights under United Nations treaties and agreements; and

> **Count 9: All Defendants violated the Illinois constitution, committed assault and battery, and intentionally inflicted emotional distress upon Plaintiff, in violation of Illinois law.**

Plaintiff prays for declaratory judgment, compensatory and punitive damages, and unspecified injunctive relief.

## Discussion

### Count 1

Count 1 alleges that Governor Patrick Quinn, Illinois Department of Corrections Director Salvador Godinez, and Menard Warden Michael P. Atchison had a policy, practice or custom permitting excessive force to be used against inmates at Menard, in violation of the Eighth Amendment.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Plaintiff references and uses language associated with *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), the landmark decision recognizing that a local municipality may face liability under Section 1983 for the constitutional torts of its employees if the government's own policy of custom caused the violation. Although *Monell* is inapplicable in this situation, given Plaintiff's *pro se* status, Plaintiff's claim will be construed liberally.

The doctrine of *respondeat superior*—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They

must in other words act either knowingly or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights, Illinois,* 662 F.3d 866, 870 (7th Cir. 2011).

The complaint describes Quinn, Godinez and Atchison as being supervisors bearing ultimate responsibility for all policies, practices and customs within their respective realms of responsibility. Without more, these allegations do not go beyond mere supervisory liability; a possible claim is presented, but not a plausible claim. Therefore, Count 1 fails under the *Twombly* pleading standard and will be dismissed without prejudice.

**Count 2**

Count 2 alleges that C/O Marvin Bartens and a nurse and medical technician denied Plaintiff medication and a "crisis team" in violation of the Eighth Amendment, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and/or the Rehabilitation Act, 29 U.S.C. § 701, *et seq*.

The ADA and Rehabilitation Act prohibit discrimination against qualified individuals because of their physical or mental disability, including a failure to accommodate a disability. Although the complaint asserts that Plaintiff suffers from a disability—mental illness—it is not alleged that he was denied medication and a "crisis team" *because* of his disability. *See Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 672 (7th Cir. 2012). Furthermore, individual employees of the Illinois Department of Corrections cannot be sued under the ADA or Rehabilitation Act. *Jaros*, 684 F.3d at 670. The proper defendant to Count 2 is the relevant state department or agency. *See* 2 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670 n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity). For these reasons, the ADA and Rehabilitation Act claims in Count 2 will be dismissed without prejudice.

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Prison officials can also violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). "Deliberate indifference cannot rest on negligent actions or inactions, but must instead rest on reckless indifference to the plight of an inmate." *Cavalieri v. Shepard*, 321 F.3d 616, 626 (7th Cir. 2003). Count 2 states a colorable Eighth Amendment claim against C/O Bartens and the unidentified nurse and medical technician—that aspect of Count 2 shall proceed. However, the unidentified defendants will have to be named in an amended complaint before liability can attach.

**<u>Count 3</u>**

It is alleged in Count 3 that a nurse and medical technician retaliated against Plaintiff in violation of the First Amendment when they intentionally gave him the wrong medication on October 19, in retaliation for Plaintiff complaining to Sgt. Euadee.

"An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000). Although it appears that Plaintiff only orally complained to Sgt. Euadee, such complaints may be adequate to trigger First Amendment protection from retaliation. *See Pearson v. Welborn*, 471 F.3d 732, 738 (7th Cir. 2006). Therefore, Count 3 states a colorable constitutional claim. Of course, Plaintiff will

eventually have to identify the unknown nurse and medical technician and amend the complaint accordingly.

**Count 4**

In Count 4, it is alleged that C/O Marvin Bartens and Sgt. Euadee retaliated against Plaintiff in violation of the First Amendment when they turned off the water to his cell and broke his television. Like Count 3, Count 4 states a colorable claim and shall proceed against C/O Marvin Bartens and Sgt. Euadee.

**Count 5**

Count 5 broadly alleges that all "Menard Defendants," along with Wexford Health Sources, Inc., had a policy, practice or custom of deliberate indifference to inmates' serious medical needs, in violation of the Eighth Amendment. As discussed relative to Count 1, a *Monell*-style claim is inappropriate against the state actors; *Monell* applies to municipal corporations. Wexford Health Sources, a corporate defendant, may face liability under a *Monell*-style theory. *See Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 796 (7th Cir. 2014). In any event, as pleaded Count 5 is too vague and conclusory to satisfy the *Twombly* pleading standard and will be dismissed without prejudice.

**Count 6**

Count 6 stems from the October 19 incident when the Tactical Team—C/O Marvin Bartens, C/O Charles Compton, C/O Dustin Harmon, C/O Collins and three additional members—used pepper spray against Plaintiff and then assaulted him. Count 6 states a colorable Eighth Amendment excessive force claim against the defendants, individually and/or in conspiracy; therefore, Count 6 shall proceed. The identities of the unknown members of the Tactical Team will ultimately have to be established and the complaint amended accordingly

**Count 7**

Count 7 alleges that C/O Marvin Bartens, C/O Charles Compton, C/O Dustin Harmon, C/O Collins, three additional members of the Tactical Team, a nurse and medical technician, individually and/or in conspiracy, denied Plaintiff medical care in violation of the Eighth Amendment after the Tactical Team allegedly assaulted Plaintiff (*see* Count 6). Count 7 states a colorable constitutional claim and shall proceed. Of course, Plaintiff will eventually have to identify the nurse and medical technician involved and amend the complaint.

**Count 8**

Count 8 reflects Plaintiff's assertion that the events discussed in the complaint violate various United Nations treaties and agreements. The complaint does not specify which alleged acts, by which defendants, violate which treaties and agreements. Moreover, none of the cited treaties and agreements is actionable in federal court.

Section 1983 provides a cause of action based on "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Treaties and other commitments under international law are not always federally-enforceable law. The Supreme Court long ago explained that a treaty is "equivalent to an act of the legislature," and hence self-executing, when it "operates of itself without the aid of any legislative provision." *Foster v. Neilson,* 2 Pet. 253, 314-15, 7 L.Ed. 415 (1829). In contrast, "[treaty] stipulations are not self-executing they can only be enforced pursuant to legislation to carry them into effect." *Whitney v. Robertson,* 124 U.S. 190, 194 (1888). Treaties "are not domestic law unless Congress has either enacted implementing statutes or the treaty itself conveys an intention that it be 'self-executing' and is ratified on these terms." *Igartua–De La Rosa v. United States,* 417 F.3d 145,

150 (5th Cir. 2005). *See also Medellin v. Texas*, 552 U.S. 491, 504-505 (2008) (reiterating the principles of *Foster* and *Whitney*).

Putting aside any overlap with constitutional rights, the Court must determine whether the treaties and international agreements cited by Plaintiff are federally enforceable. The Convention Against Torture does not provide for a civil cause of action. *See Renkel v. United States*, 456 F.3d 640, 644-45 (6th Cir. 2006); *see also* 18 U.S.C. 2340A(a) (specifying that the Convention applies to acts outside the United States). Similarly, the International Covenant on Civil and Political Rights and the Universal Declaration of Human Rights are not federally enforceable. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734-35 (2004). The United Nations' Standard Minimum Rules for the Treatment of Prisoners does not create an independent cause of action either. *See Serra v. Lappin*, 600 F.3d 1191, 1197 (9th Cir. 2010). The Court's review of the United Nations' Basic Principles for the Treatment of Prisoners, Code of Conduct for Law Enforcement Officials, and Principles for the Protection of All Persons Under Any Form of Detention or Imprisonment does not reveal any self-executing language; nor has the Court located any implementing legislation. Consequently, all of Plaintiff's claims premised upon treaties and international agreements—Count 8—will be dismissed with prejudice.

**<u>Count 9</u>**

Lastly, Count 9 reflects Plaintiff's assertion that all of the defendants violated the Illinois constitution, committed assault and battery, and intentionally inflicted emotional distress upon Plaintiff, in violation of Illinois law. Plaintiff has not linked any of the alleged acts or any of the defendants to these legal claims. Therefore, Count 9 and all of its state law claims will be dismissed without prejudice.

**Unknown Defendants**

The complaint fails to state claims against unidentified assistant wardens, correctional officers and medical employees. Consequently, those unidentified defendants will be dismissed without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNTS 1, 5 and 9** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that **COUNT 9** is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the ADA and Rehabilitation Act claims within **COUNT 2** are **DISMISSED** without prejudice; the Eighth amendment claims within **COUNT 2** shall **PROCEED**.

**IT IS FURTHER ORDERED** that **COUNTS 3, 4, 6 and 7** shall otherwise **PROCEED**.

**IT IS FURTHER ORDERED** that Defendants **PATRICK QUINN, SALVADORE GODINEZ, MICHAEL P. ATCHISON, WEXFORD HEALTH SOURCES, INC.**, and **UNIDENTIFIED ASSISTANT WARDENS, CORRECTIONAL OFFICERS and MEDICAL EMPLOYEES** are **DISMISSED** without prejudice;

**IT IS FURTHER ORDERED** that **MARVIN BARTENS, CHARLES COMPTON, DUSTIN HARMON, SGT. EUADEE, C/O COLLINS and UNKNOWN NURSES and MEDICAL TECHNICIANS** shall **PROCEED** as defendants.

The Clerk of Court shall prepare for Defendants **MARVIN BARTENS, CHARLES COMPTON, DUSTIN HARMON, SGT. EUADEE and C/O COLLINS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings, including consideration of Plaintiff's motion for counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to*

*such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 8, 2014**

Digitally signed by Nancy J Rosenstengel
Date: 2014.08.08 08:05:38 -05'00'

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**